IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-01935-RMR-MDB

COLTON WOLFE,

    Plaintiff,

v.

DANIEL CALHOUN, an individual,
ALLEN COOPER, an individual,
DANIEL VICTORIA, an individual,
KAITLIN B. TURNER, an individual,
AARON PEMBLETON, an individual,
SUNNY BRYANT, an individual,
DEBBIE BELL, an individual,
DWAYNE M.C. FALL, an individual,
KEVIN GRANTHAM, and individual,
FREMONT COUNTY, a political subdivision of the State of Colorado, and
U.S. BANK NATIONAL ASSOCIATION, a Delaware corporation,

    Defendants.

## REPLY IN SUPPORT OF U.S. BANK'S MOTION TO DISMISS

Defendant U.S. Bank National Association ("U.S. Bank"), by and through undersigned counsel, respectfully submits its Reply in Support of its Motion to Dismiss Plaintiff Colton Wolfe's ("Plaintiff") Second Amended Complaint, ECF No. 68 (the "Motion").[1]

In its Motion, U.S. Bank identified several reasons why Plaintiff's civil claim premised on the Racketeer Influenced and Corrupt Organizations Act ("RICO") requires dismissal. First,

---

[1] Plaintiff filed his Response on March 9, 2023. *See* ECF No. 81. The deadline to do so, however, was March 2, 2023. *See* ECF No. 67, p.3. Out of an abundance of caution, however, U.S. Bank submits its Reply on the assumption the Court will accept Plaintiff's Response as timely filed.

Plaintiff offers mostly conclusory statements in support of his allegation that U.S. Bank and several employees of Fremont County, Colorado (the "County Defendants") formed an associated-in-fact RICO enterprise for the purpose of laundering drug money. ECF No. 68, pp.58-62 (Second Amended Complaint); U.S. Bank's Motion, p.5; *see also Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Second, Plaintiff has failed to identify two or more instances of alleged racketeering activity, which is necessary to successfully plead a plausible RICO violation. Motion, p.5; *see also* 18 U.S.C. § 1961(5) (defining "pattern of racketeering activity"); *Gillmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007). Third, Plaintiff's factual allegations, even assumed to be true, do not permit an inference that U.S. Bank and the County Defendants formed an associated-in-fact enterprise. Motion, p.6-7; *see also Boyle v. United States*, 556 U.S. 938, 944-45 (2009) (elaborating on what constitutes an associated-in-fact enterprise). And fourth, to the extent Plaintiff is alleging that U.S. Bank conspired with the County Defendants to violate RICO, he provides no evidence in support other than the provision of ordinary banking services. Motion, p.7; *see also, e.g., Crimson Galeria Ltd. P'Ship v. Healthy Pharms, Inc.*, 337 F. Supp. 3d 20, 42-43 (D. Mass. 2018) (offering merchant banking services to marijuana dispensaries, without more, does not amount to a conspiracy to violate RICO).

Plaintiff's Response fails to address these fatal deficiencies. Plaintiff contends that his allegations against U.S. Bank are not conclusory because he supports them with Fremont County's financial statements from 2018. ECF No. 81, p.5. To be sure, these statements indicate both that Fremont County collected $117,725 from marijuana licensing fees in 2018 and that it paid $225,000 toward its outstanding debt held by U.S. Bank. ECF No. 81-1, pp.14, 16. But these facts, without more, do not support Plaintiff's allegation that Fremont County repaid U.S. Bank

2

using some or all of the $117,725 it collected from marijuana licensing fees. *See Kellum v. Mares*, 675 F. App'x 763, 770 (10th Cir. 2016) (reiterating the principle that an allegation is conclusory where it states an inference without underlying factual support). As for the remainder of U.S. Bank's arguments in support of its Motion, Plaintiff fails to meaningfully respond to them. Instead, Plaintiff attacks the legality of the County Defendants' marijuana licensing scheme by pointing to inapposite federal and Colorado case law pertaining to the Fifth Amendment and preemption. *See* ECF No. 81, pp.3-4, 11. Neither of these issues are before the Court and, as such, fail to provide any basis for allowing Plaintiff's civil RICO claim against U.S. Bank to proceed.

In sum, the arguments raised in Plaintiff's Response lack merit. The Court should therefore reject them and grant U.S. Bank's Motion to Dismiss.

Respectfully submitted this 14th day of March, 2023.

                                            s/ *Nathaniel T. Vasquez*
Perry L. Glantz
Nathaniel T. Vasquez
STINSON LLP
1144 Fifteenth St., Suite 2400
Denver, Colorado 80202
Telephone: 303.376.8424
Email: perry.glantz@stinson.com
        nathaniel.vasquez@stinson.com

*Attorneys for Defendant U.S. Bank, N.A.*

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 14, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*s/ Nathaniel T. Vasquez*
Nathaniel T. Vasquez