IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01935-RMR-MDB

COLTON WOLFE,

    Plaintiff,

v.

DANIEL CALHOUN, in personal and professional capacity,
ALLEN COOPER, in personal and professional capacity,
DANIEL VICTORIA, in personal and professional capacity,
KAITLIN B TURNER, in personal and professional capacity,
AARON PEMBLETON, in personal and professional capacity,
SUNNY BRYANT, in personal and professional capacity,
DEBBIE BELL, in personal and professional capacity,
DWAYNE MC FALL, in personal and professional capacity,
KEVIN GRANTHAM, in personal and professional capacity,
FREMONT COUNTY, a municipality, and
US BANK, a corporation,

    Defendants.

_____

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**
_____

Defendants DANIEL CALHOUN; ALLEN COOPER; DANIEL VICTORIA; KAITLIN B TURNER; AARON PEMBLETON; SUNNY BRYANT; DEBBIE BELL; DWAYNE MC FALL; KEVIN GRANTHAM; and FREMONT COUNTY ("County Defendants"),[1] submit this Reply in support of their Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 75).

## NATURE OF THE CASE

Plaintiff's *pro se* Complaint arises out of an August 6, 2020, execution of a search warrant

---

[1] US Bank is represented by separate counsel.

at his father's property during which his marijuana plants were seized and Plaintiff was charged with possession and cultivation of marijuana. After the criminal charges against him were dropped, Plaintiff filed this case asserting claims for (1) First Amendment Free Exercise of Religion; (2) First Amendment Retaliation; (3) Fourth Amendment Unlawful Seizure/False Arrest; (4) Fourth Amendment Unlawful Seizure of Property; (5) RICO violation; (6) C.R.S. § 13-21-131 Colorado Constitution Section 3 inalienable rights; (7) C.R.S. § 13-21-131 Colorado Constitution Section 4 religious freedom; and (8) C.R.S. § 13-21-131 Colorado Constitution Section 7 security of person and property.

On February 21, 2023, County Defendants filed a Motion to Dismiss in response to Plaintiff's Second Amended Complaint, asserting absolute immunity on behalf of the prosecutors, qualified immunity on behalf of the officers, and that Plaintiff had failed to state plausible claims for relief. (Doc. 75, "Motion.") Plaintiff filed his Response on March 29, 2023. (Doc. 86, "Response.")

## ARGUMENT AND AUTHORITY

**I. TURNER AND PEMBLETON ARE ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY.**

In their Motion, County Defendants assert that Kaitlin Turner (former District Attorney) and Aaron Pembleton (former Deputy District Attorney), are entitled to absolute prosecutorial immunity in this case.

In his Response, Plaintiff argues that Turner and Pembleton knew "all of my activity was religious. However they continued with their frivolous and malicious prosecution." (Doc. 86 at p. 2.) Such an argument fails to divest these Defendants of their absolute immunity.

"It is well established that prosecutors are absolutely immune from suit under section 1983

2

concerning activities 'intimately associated with the judicial . . . process,' such as initiating and pursuing criminal prosecutions." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991), *quoting Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S. Ct. 984, 994–95, 47 L. Ed. 2d 128 (1976). *See also Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990). Since Plaintiff's claims against Turner and Pembleton arise out of their initiation and pursuit of a criminal prosecution, they are absolutely immune, and should be dismissed from this case.

## II. PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR VIOLATION OF FIRST AMENDMENT FREE EXERCISE OF RELIGION SHOULD BE DISMISSED.

Claim One alleges that Plaintiff's activities in forming a church and growing marijuana to heal his son were protected under the First Amendment, and that Defendants' conduct of charging, prosecuting, and arresting him for doing so stopped his Free Exercise. (Doc. 68 at pp. 50-52.)

As set forth in the Motion, the right of free exercise does not relieve an individual of the obligation to comply with a "valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)." *United States v. Lee*, 455 U.S. 252, 263, n.3 (1982).

In his Response, Plaintiff sets forth a new argument that County Defendants violated the RFRA in this case. First, Plaintiff's Complaint does not contain a RFRA claim. However, even if it did, Plaintiff does not state a plausible RFRA claim in this case.

Plaintiff argues that his Church should have been treated in the same way secular cannabis businesses are treated under Colorado law. (Doc. 86 at p. 3.) However, Plaintiff fails to plausibly allege that he was treated differently from a secular cannabis business. Indeed, secular cannabis businesses are highly regulated in the State of Colorado.

3

**III.   PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR RETALIATION FOR FIRST AMENDMENT FREE EXERCISE SHOULD BE DISMISSED.**

In their Motion, County Defendants asserted that Plaintiff's retaliation claim should be dismissed because Plaintiff was not engaged in constitutionally protected activity and, thus, cannot satisfy the first element of a retaliation claim.

Plaintiff argues that his growing of marijuana was "real spiritual activity," and that County Defendants "were aware of that spiritual activity" because Plaintiff had previously put them on notice of same. (Doc. 86 at p. 10.)

In *United States v. Meyers*, 95 F.3d 1475 (10th Cir. 1996), Meyers challenged his criminal convictions for possession with intent to distribute marijuana under the Free Exercise Clause of the First Amendment. Meyers asserted that, as the Reverend of the Church of Marijuana, it was his sincere belief that his religion commanded him to use, possess, and distribute marijuana for the benefit of mankind and the planet earth. The court denied Meyers' argument, holding that "the right to free exercise of religion under the Free Exercise Clause of the First Amendment does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law incidentally affects religious practice." *Id*. at 1481. The court further held that "when, as here, the challenge is to a valid neutral law of general applicability, the law need not be justified by a compelling governmental interest." *Id*. Finally, the court held that Meyers' beliefs did not constitute a religion, and instead were "a philosophy and/or way of life." *Id*. at 1484.

> While Meyers may sincerely believe that his beliefs are religious, this Court cannot rely on his sincerity to conclude that his beliefs rise to the level of a "religion" and therefore trigger RFRA's protections. Meyers is, of course, absolutely free to think or believe what he wants. If he thinks that his beliefs are a religion, then so be it. No one can restrict his beliefs, and no one should begrudge him those beliefs. None of this, however, changes the fact that his beliefs do not constitute a "religion" as that

4

> term is uneasily defined by law. Were the Court to recognize Meyers' beliefs as religious, it might soon find itself on a slippery slope where anyone who was cured of an ailment by a "medicine" that had pleasant side-effects could claim that they had founded a constitutionally or statutorily protected religion based on the beneficial "medicine."

*Id*. Similarly here, while Plaintiff may sincerely believe that his growing of marijuana to use to heal his son is religious or spiritual, his beliefs do not rise to the level of a constitutionally protected activity for purposes of his First Amendment retaliation claim.

## IV. PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR FOURTH AMENDMENT UNLAWFUL SEIZURE OF PERSON/FALSE ARREST SHOULD BE DISMISSED.

Claim Three is asserted against Defendants Calhoun, Cooper, and Fremont County. Plaintiff alleges that Defendants did not have reasonable suspicion or probable cause that he had committed any violation of the law prior to the arrest warrant being issued for him. (Doc. 68 at pp. 55-57.)

### A. The Complaint Fails to State a Plausible Claim for False Arrest.

Here, a warrant was issued for Plaintiff's arrest. Plaintiff argues that the warrant issued by Defendant Calhoun was "frivolous."[2] (Doc. 68 at p. 56.) "It is a violation of the Fourth Amendment for an arrest warrant affiant to 'knowingly, or with reckless disregard for the truth,' include false statements in the affidavit." *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). Similarly, it is a Fourth Amendment violation to "knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause." *Id*. (citing *Stewart v. Donges*, 915 F.2d 572, 581–83 (10th Cir.1990)). Where information has been omitted from an affidavit, courts determine the existence of probable cause

---

[2] Defendant Calhoun did not issue the arrest warrant. Rather, he prepared the affidavit in support of the arrest warrant, which was then issued by a magistrate judge. (*See* Affidavit and Arrest Warrant, attached to the Motion as EXHIBIT A-1.)

5

"'by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant.'" *Id*. (quoting *Stewart*, 915 F.2d at 582 n.13).

In his Response, Plaintiff argues that Defendants purposely omitted from the affidavit that "the location was a church, and the cannabis was grown for religious reasons." (Doc. 86 at p. 11.)

However, even if this information had been included, the affidavit would still have given rise to probable cause for the warrant. *See United States v. Yung*, 786 F. Supp. 1561 (D. Kan. 1992) (probable cause existed for the issuance of a search warrant at premises used as a church despite the affidavit failing to state that the occupants of the building were engaged in activities protected by the First Amendment).

**B.   Plaintiff Fails to Plausibly Allege Personal Participation by Defendant Cooper.**

As set forth in the Motion, in the context of arrest and search warrants, Tenth Circuit precedent instructs that a defendant who does not "participate . . . in the application for the arrest and search warrants," or "exercise [] control and direction," bears no constitutional liability. *Salmon v. Schwarz*, 948 F.2d 1131, 1136 (10th Cir. 1991); *Mink v. Knox*, 613 F.3d 995, 1001 (10th Cir. 2010).

Here, Plaintiff alleges that Defendant Calhoun issued the warrant for his arrest. (Doc. 68 at p. 56.) He does not allege that Defendant Cooper was involved in applying for the warrant. Accordingly, the Complaint fails to plead personal participation of Defendant Cooper to state a plausible claim for relief, and the false arrest claim should be dismissed against Defendant Cooper.

Plaintiff failed to respond to this argument in his Response and it should be deemed admitted.

## V. PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR FOURTH AMENDMENT UNLAWFUL SEIZURE OF PROPERTY SHOULD BE DISMISSED.

Claim Four is alleged against Defendants Calhoun, Cooper, and Fremont County. Plaintiff alleges that Defendants did not have probable cause or reasonable suspicion to believe that Plaintiff was in violation of the law prior to taking his marijuana plants. (Doc. 68 at 57–58.)

### A. The Complaint Fails to State a Plausible Claim for Unlawful Seizure.

As set forth in the Motion, when a search or seizure is conducted pursuant to a warrant, "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). There are only four situations where a seizure pursuant to a warrant will not provide an officer with qualified immunity: (1) "the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for his reckless disregard of the truth"; (2) "[the] issuing magistrate wholly abandons her judicial role"; (3) "the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) "[the] warrant is so facially deficient that the executing officer could not reasonably believe it was valid." *See United States v. Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000) (citations, quotations, and alterations omitted).

Here, the only allegation Plaintiff makes regarding the search warrant is that the magistrate judge was misled because the affidavit did not state that Plaintiff believed the property was a church. However, as discussed above, even if this had been included, it would not have negated probable cause.

### B. Plaintiff Fails to Plausibly Allege Personal Participation by Defendant Cooper.

As set forth above, personal participation is required to be pled against each named Defendant. As to Defendant Cooper, the Complaint alleges nothing other than he destroyed Plaintiff's property. (Doc. 68 at p. 58.) But, even if taken as true, the face of the Search Warrant called for the destruction of any excess marijuana plants. (*See* Affidavit and Search Warrant, attached to the Motion as EXHIBIT A-2.) And it is not alleged that Defendant Cooper participated in obtaining the Search Warrant. Accordingly, the Complaint fails to plead personal participation of Defendant Cooper to state a plausible claim for relief, and Plaintiff's unlawful seizure claim should be dismissed against Defendant Cooper.

In his Response, Plaintiff argues that Defendant Cooper knew the location was a church and thus should not have acted pursuant to the Search Warrant. (Doc. 86 at pp. 17-18.)

However, Defendant Cooper was entitled to rely on the validity of the Search Warrant under the fellow officer rule, even if he knew the location was a church. *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 568 (1971).

## VI. THE INDIVIDUAL COUNTY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Once a defendant has asserted a qualified immunity defense, the burden shifts to the plaintiff to establish that: (1) the defendant violated a constitutional right; and (2) the right was "clearly established" at the time of the defendant's alleged misconduct. *Estate of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1168 (10th Cir. 2020) (quoting *Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016)). "In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2)

8

whether the right at issue was clearly established at the time of [the] defendant's alleged misconduct." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011)) (internal quotation marks omitted).

Here, the facts alleged by Plaintiff do not make out a violation of a clearly established constitutional right. As such, the individual defendants are entitled to qualified immunity.

## VII.  PLAINTIFF'S FIFTH CLAIM FOR RELIEF FOR A RICO VIOLATION SHOULD BE DISMISSED.

Plaintiff's RICO claim is based on allegations of money laundering that occurred when County Defendants attempted to get him to register and pay a fee for his marijuana grow, since marijuana is illegal under federal law. (Doc. 68 at p. 38.)

A similar claim was addressed and dismissed by the court in *Ruggles v. Ige*, No. 20-CV-00247-DKW-KJM, 2020 WL 5636898 (D. Haw. Sept. 21, 2020) (unreported, attached to Motion with EXHIBIT A-3). There, the plaintiff alleged that the government defendants engaged in the passage and enforcement of laws aimed at regulating the acquisition, possession, use, and distribution of marijuana. In holding that these allegations failed to plead sufficient facts that the government defendants had engaged in racketeering activities under RICO, the court held that:

> The creation and enforcement of statutes and administrative rules—even those that may later be found unconstitutional—do not constitute predicate acts upon which a RICO claim may rest. *See* 18 U.S.C. §§ 1961(1), 1962.

*Ruggles*, 2020 WL 5636898 at *3.

In his Response, Plaintiff argues that *Ruggles* is distinguishable because here, Plaintiff is claiming "multiple money laundering violations" in addition to the enforcement of statutes and rules. (Doc. 86 at p. 19.) However, Plaintiff's claims of money laundering are not plausible, as they are

9

completely conclusory. Thus, Plaintiff has failed to state a plausible RICO claim against the individual County Defendants.[3]

## VIII. PLAINTIFF'S CLAIMS FOR RELIEF UNDER C.R.S. § 13-21-131 SHOULD BE DISMISSED.

Plaintiff claims that Defendants Calhoun and Cooper violated Sections 3, 4, and 7 of Article II of the Colorado Constitution. Plaintiff fails to allege any factual support for these alleged state constitutional violations that are different from the facts alleged in support of his federal claims for relief. (*See* Doc. 68 at pp. 63-66; Doc. 86 at p. 19.) As such, for the same reasons as discussed above that Plaintiff fails to plausibly state a violation of his federal constitutional rights, Plaintiff also fails to state a violation of any of his rights under the state constitution.

## IX. PLAINTIFF'S CLAIM FOR MUNICIPAL LIABILITY SHOULD BE DISMISSED.

Plaintiff seeks to recover damages from Fremont County based on the individual Defendants' enforcement of allegedly unconstitutional policies of regulating and taxing marijuana. (Doc. 86 at p. 19.)

It is well established, however, that "even if it could be said that [the City's] policies . . . were unconstitutional, the City cannot be held liable where the officers did not commit a constitutional violation." *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1155–56 (10th Cir. 2001); *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing "the *Heller* rule" as well established); *see also Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1104 (10th Cir. 2009).

---

[3] Even assuming that Plaintiff's RICO claim satisfied the requisite elements, County Defendants would be entitled to qualified immunity. *See* the cases cited in the Motion at p. 15, n.5.

Because Plaintiff has failed to establish any underlying constitutional violation by the County officers, there can be no municipal liability.

## **CONCLUSION**

For the reasons set forth in the Motion and above, County Defendants pray that this Court dismiss Plaintiff's claims against them, with prejudice, and award County Defendants attorney fees and costs as allowed by law.

Respectfully submitted,

Date: April 12, 2023

s/ Sara L. Cook
Sara L. Cook
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
scook@vaughandemuro.com (e-mail)
ATTORNEY FOR COUNTY DEFENDANTS

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Colton Wolfe (pro se e-filer)**
bkr415@yahoo.com

**Perry L. Glantz, Esq.**
perry.glantz@stinson.com

**Nathaniel T. Vasquez, Esq.**
nathaniel.vasquez@stinson.com

s/ Sara L. Cook
Sara L. Cook