IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-01935-RMR-MDB

COLTON WOLFE, an individual,

    Plaintiff,

v.

DANIEL CALHOUN, an individual, et al.,

    Defendants.

### DEFENDANT U.S. BANK'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 60(b)(6)

Defendant U.S. Bank National Association ("U.S. Bank"), by and through undersigned counsel, submits the following Response in Opposition to Plaintiff Colton Wolfe's ("Plaintiff") motion under Fed. R. Civ. P. 60(b)(6), ECF No. 93.

### INTRODUCTION

Before the Court is a request to relieve Plaintiff from his free and voluntary choice not to pursue a timely appeal of the Final Judgment against him entered on September 25, 2023. *See* ECF No. 92. Through what is, in substance, an untimely motion to reconsider the Final Judgment under Fed. R. Civ. P. 59(e), Plaintiff reiterates the same arguments that this Court has repeatedly rejected. But a Rule 60(b) motion is "not a substitute for direct appeal," which was the proper avenue for Plaintiff to raise his disagreement with the Court's rulings. *Accord United States v. Johnson*, 934 F. Supp. 383, 386 (D. Kan. 1996). A motion under Rule 60(b)(6) "is not the opportunity for the

court to revisit the issues already addressed in the underlying [judgment] or to consider arguments and facts that were available for presentation in the underlying proceedings." *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Consistent with these principles, the Court should deny Plaintiff's motion.

## **FACTUAL AND PROCEDURAL BACKGROUND**

This case stems from Plaintiff's dispute with Fremont County, Colorado, and several of its employees and elected officials (the "County Defendants"), over his cultivation of marijuana. *See generally* Second Amended Complaint, ECF No. 68. In July 2019, Plaintiff was living in a trailer in Fremont County. *See id.* at p.5. Plaintiff was cultivating marijuana in the trailer, and, according to him, was doing so for religious purposes. *Id.* at 5-8. Between July and September 2019, the County Defendants sent Plaintiff notices of various zoning and ordinance violations relating to the trailer and the cultivation of marijuana within. *Id.* at 12-14. Plaintiff failed to remedy the violations and was fined. *Id.* at 18-20. Plaintiff continued to cultivate marijuana illegally until August 6, 2020 when the County Defendants "raided" Plaintiff's trailer, arrested and charged Plaintiff with drug offenses, and seized the marijuana. *Id.* at 25-27. The charges against Plaintiff were subsequently dropped, but it does not appear that the marijuana was returned to him. *See id.* at 32. Plaintiff did not allege that U.S. Bank was involved with or had knowledge of these events. *See id.* at 5-32. Plaintiff instead alleged that, separate and apart from these events, U.S. Bank and seven of the County Defendants formed an associated-in-fact enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") "for the purpose of licensing medical marijuana businesses"

2

and formed "contractual or other relationships with each other" for the purpose of laundering money from the sale of controlled substances. *Id.* at 36, 41-48, 58-62.

U.S. Bank moved to dismiss, arguing that Plaintiff's factual allegations, even assumed to be true, failed to state a plausible RICO claim under the controlling law. *See* ECF No. 70, p.4-7. Specifically, U.S. Bank pointed out that Plaintiff hinged his RICO claim "solely on the fact that the County Defendants repaid debt held by U.S. Bank in 2018." *Id.* at p.7; *see also* Second Amended Complaint 44-45; ECF No. 55-5, p.14 (Fremont County's 2018 Financial Statements). This fact, standing alone, does not support an inference that U.S. Bank and the County Defendants either had a common purpose to launder drug money or functioned as a continuing unit to accomplish the same. *See* ECF No. 70, p.6-7; *Boyle v. United States*, 556 U.S. 938, 944-45 (2009). Plaintiff's response to U.S. Bank's Motion to Dismiss failed to address this fatal flaw in his RICO claim and instead made arguments regarding the legality of the County Defendants' marijuana licensing scheme by citing to inapposite federal and Colorado case law pertaining to the Fifth Amendment and preemption of state law. *See* ECF No. 81, pp.3-4, 11.

Judge Braswell agreed with U.S. Bank's argument in her Recommendation to Grant U.S. Bank's Motion to Dismiss. *See* ECF No. 88, p.13. The Court subsequently adopted Judge Braswell's Recommendation in a written order dated September 25, 2023 and entered a Final Judgment in U.S. Bank's and the County Defendants' favor that same day. *See generally* ECF Nos. 91 and 92.

The deadline to file a motion to reconsider under Rule 59 came and went on October 23, 2023 without Plaintiff filing any such motion. *See* Fed. R. Civ. P. 59(e). The

3

deadline to file a notice of appeal also elapsed on October 25, 2023 without Plaintiff initiating an appeal. *See* Fed. R. App. P. 4(a)(1)(A). Only now, nearly a year after Final Judgment was entered against him, does Plaintiff seek reconsideration of the Court's rulings through a Rule 60(b)(6) motion.

## RELEVANT LEGAL PRINCIPLES

Rule 60(b) "provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269-70 (2010). The rule prescribes six grounds upon which a court may relieve a party from a judgment against them; only the sixth ground is at issue here. "On motion and just terms, the court may relieve a party . . . from a final judgment," if relief from judgment is not proper under one or more of the other five prescribed grounds, "[for] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The decision to grant or deny relief under Rule 60(b)(6) is wholly within the court's discretion. *Accord FTC v. Elite IT Partners, Inc.*, 91 F.4th 1042, 1049 (10th Cir. 2024).

While Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served," *see McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006), this principle is not without limits. Indeed, precisely because this provision is potentially limitless in scope, "relief under Rule 60(b)(6) is **extraordinary and reserved for exceptional circumstances**." *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020) (emphasis added). Rule 60(b)(6) "is not for the purpose of relieving a party from free, calculated, and deliberate choices the party has made." *Id.* at 702. The sort of "free, calculated, and

4

deliberate choices" that preclude relief include, as relevant here, "the party's regretted decision not to appeal an adverse judgment." *Cf. id.* at 703 (citing *Ackerman v. United States*, 340 U.S. 193, 197-98 (1950)). Additionally, the assertion of legal error as grounds for relief under Rule 60(b)(6) is often insufficient as, substantively, such grounds are more properly brought through a motion for reconsideration under Fed. R. Civ. P. 59(e). *See, e.g., Gerhardt v. Mares*, Case No. CIV 15-0797 JB/LAM, 2016 WL 6404800, at *18-*20 (D.N.M. Feb. 19, 2016); *but see Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that, ordinarily, even Rule 59(e) is an "inappropriate vehicle" to reargue an issue previously addressed and rejected by the court). The kind of legal error that provides the extraordinary circumstances justifying relief" under Rule 60(b)(6) has only been recognized in one circumstance in this circuit: when there has been a post-judgment change in the law arising in a related case. *Accord Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975). Otherwise, "a motion for reconsideration under Rule 60 is an inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts that were available" to the moving party prior to the entry of judgment. *Mares*, 2016 WL 6404800, at *20.

## **ARGUMENT**

U.S. Bank has repeatedly pointed out—and both Judge Braswell and this Court have agreed—that Plaintiff's RICO claim falls short of the plausibility standard to withstand a motion to dismiss because his threadbare allegation that the County Defendants repaid debt held by U.S. Bank in 2018 does not support an inference that U.S. Bank and the County Defendants either had a common purpose to launder drug

5

money or functioned as a continuing unit.  See ECF No. 68, p.44-45; ECF No. 70, p.6-7; ECF No. 88, p.13; ECF No. 91, p.6.

Plaintiff's motion does not explain how Judge Braswell or the Court erred in their conclusions that Plaintiff failed to allege sufficient facts plausibly alleging that U.S. Bank and the County Defendants are liable under RICO.  See ECF No. 89, p.12-14; ECF No. 91, p.6.  Indeed, Plaintiff's argument consists only of the following conclusory assertions:

> Plaintiff does not allege how the County Defendants' licensing, regulation, and enforcement is illegal, nor can the Court draw any reasonable inferences of illegality.
>
> *Leary v. United States*, 395 U.S. 6, 89 S. Ct. 1532 (1969) states that Defendants cannot tax and regulate marijuana.
>
> "And as Plaintiff alleges no facts supporting an inference that the [County] Defendants engaged in any other predicate acts, the Court does not find any support for Plaintiff's RICO claim against them in their individual capacities."  *Ruggles v. Ige*, Case No. 20-cv-00247-DKW-KJM, [at] *8 (D. Haw. Sep[t]. 21, 2020).  I claim multiple money laundering violations.  I am not claiming just enforcement of statutes and administrative rules.

ECF No. 93, p.7 (quoting ECF No. 89, p.12-14).  Plaintiff's threadbare assertions are the same ones he has raised in his opposition to U.S. Bank's motion to dismiss, *see* ECF No. 81, pp.3-4, (pointing to the Supreme Court's decision in *Leary* as the basis for deeming U.S. Bank's and the County Defendants' alleged receipt of proceeds from in-state marijuana sales illegal), 10 ("U.S. Bank receives, and has been receiving drug money annually [i.e., allegedly committing a predicate RICO act] to pay for certificate[s] of participation."), and in his objections to Judge Braswell's recommendation.  *See* ECF No. 89, pp.13 ("U.S. Bank receives, and has been receiving drug money annually to pay for certificate[s] of participation."), 14 (relying on *Leary*).

6

Considering that "relief under Rule 60(b)(6) is **extraordinary and reserved for exceptional circumstances**," *Spencer*, 950 F.3d at 701 (emphasis added), and that such a motion "is not the opportunity for the court to revisit the issues already addressed in the underlying [judgment] or to consider arguments and facts that were available for presentation in the underlying proceedings," *Van Skiver*, 952 F.2d at 1243, the Court can—and should—conclude that Plaintiff has failed to meet his heavy burden to obtain relief under Rule 60(b)(6) based solely on the conclusory and duplicative nature of his arguments. *See, e.g., Mares*, 2016 WL 6404800, at *21. Simply put, there is no error in either Judge Braswell's or the Court's rulings, let alone one of such magnitude that would warrant relieving Plaintiff from the Final Judgment under Rule 60(b). Even reading Plaintiff's arguments broadly, he seeks relief based only on his disagreement with the legal conclusions the Court reached. Plaintiff points to no change in the governing law arising from a related, or even similar, case that would constitute the kind of "extraordinary circumstances" justifying relief under Rule 60(b)(6). *Pierce*, 518 F.2d at 723. Without such a showing, Plaintiff is not entitled to relief by rehashing the same rejected legal arguments. Rather, Plaintiff should have raised his disagreement with the Court's legal conclusions on direct appeal to the Tenth Circuit. *Cf. Spencer*, 950 F.3d at 702. But Plaintiff chose not to do so—and the effect of that "free, calculated, and deliberate" choice cannot be avoided by resorting to Rule 60(b) as a substitute for a direct appeal. *Cf. id.*

## CONCLUSION

Plaintiff's motion is without merit and should be denied in full.

7

Respectfully submitted this 2nd day of October, 2024.

*s/ Nathaniel T. Vasquez*
Perry L. Glantz
Nathaniel T. Vasquez
**STINSON LLP**
1144 Fifteenth Street, Suite 2400
Denver, Colorado 80202
Telephone:  303.376.8410
Email: perry.glantz@stinson.com
          nathaniel.vasquez@stinson.com

*Attorneys for Defendant U.S. Bank National Association*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 2, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*s/ Nathaniel T. Vasquez*
Nathaniel T. Vasquez