IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 22-cv-01935-RMR-MDB

COLTON WOLFE, an individual,

    Plaintiff,

v.

DANIEL CALHOUN, an individual, et al.,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

This matter is before the Court Plaintiff's Motion Under Fed.R.Civ.P. 60(b), ECF No. 93. Defendant filed a Response in Opposition, ECF No. 94. For the following reasons, Plaintiff's Motion is DENIED.

**I.    LEGAL STANDARD**

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for five enumerated grounds and, as relevant here, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). "Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule." *Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 326 (D.N.M. 2014) (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)). Rule 60(b) "is not a substitute for appeal, and must be considered with the need for finality

of judgment." *Id.* It was designed to strike a "delicate balance" between respecting the finality of judgment and, at the same time, recognizing the court's principal interest of executing justice. *Id.*

Relief under Rule 60(b)(6) is exclusive of the other enumerated subsections of Rule 60(b), and "is even more difficult to attain[,] and is appropriate only when it offends justice to deny such relief." *Saggiani v. Strong*, 718 F. App'x 706, 712 (10th Cir. 2018) (quoting *Zurich v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)) (internal quotation marks omitted). Rule 60(b)(6) "gives the court a grand reservoir of equitable power to do justice in a particular case." *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 729 (10th Cir. 1993) (citing *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975), *cert. denied*, 423 U.S. 1079 (1976)) (internal citations omitted). District courts may grant a Rule 60(b)(6) motion only in "extraordinary circumstances" and only when such action is necessary to accomplish justice. *Id.*

Plaintiff appears pro se, and the Court therefore must liberally construe his filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Plaintiff's pro se status does not excuse his obligation to comply with the same rules of procedure that govern other litigants. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## II.  ANALYSIS

The factual and procedural background is recited at length in the Recommendation, ECF No. 88, and adopted by the Court in its Order, ECF No. 91. Accordingly, the Court adopts that background as if set forth herein.

Although not a model of clarity, Plaintiff's motion does little more than repeat the same arguments that this Court has already rejected. As to his First Amendment claim, Plaintiff argues that the Court "seems to fail to understand th[e] concept" that it "must treat [his] church in the same way you treat a secular business in Colorado." ECF No. 93 at 6. But, as previously explained, Plaintiff failed to state a claim for a violation of the First Amendment's Free Exercise "because Plaintiff was arrested and charged under a religiously neutral and generally applicable law that is related to a legitimate governmental interest." *See* ECF No. 91 at 4 (citing Recommendation, ECF No. 88 at 6-7).

As to his Fourth Amendment claim, Plaintiff does not set forth any argument as to why relief under Rule 60(b) is justified. He simply quotes the Recommendation's conclusion that "Plaintiff points to no law exempting churches or religious practitioners from Colorado's regulation of outdoor marijuana cultivation, and the Court is aware of none[,]" but he does not set forth any argument against that conclusion. ECF No. 93 at 7. Plaintiff then cites to an exhibit, ECF No. 86-1 and states only that this document "was sent to the government, I never received my hearing." *Id.* The exhibit is a letter purportedly sent to government officials insisting that the search of his property was illegal under the Fourth Amendment, among other allegations. *See* ECF No. 86-1. But Plaintiff's vague reference to the "hearing" he requested has no bearing on the legality of the search of his property, which was conducted pursuant to a warrant. Plaintiff's arguments related to his Fourth Amendment claim were thoroughly analyzed and rejected by the Magistrate Judge and this Court. The Court concluded then, as it does now, that Plaintiff failed to allege an

3

unlawful search in violation of the Fourth Amendment. *See* ECF No. 88 at 8-11; ECF No. 91 at 5-6.

Finally, as to his RICO claim, Plaintiff argues that his claim should go forward because he has asserted "multiple money laundering violations." ECF No. 93 at 7. Again, the Magistrate Judge and this Court considered this argument and concluded that Plaintiff's "conclusory allegations of money laundering" did not "support the requisite intent to promote an unlawful activity, or conceal the nature, location, course, ownership or control of the proceeds associated with the unlawful activity." ECF No. 88 at 14. Thus, Plaintiff failed to plead with particularity "the requisite predicate acts of racketeering" necessary to support his RICO claim. *Id*. Accordingly, the Court finds that it is not in the interest of justice to reconsider its dismissal of Plaintiff's RICO claim.

In sum, Plaintiff's motion raises the same arguments that the Court previously rejected and fails to identify any change in the governing law or legal errors that would warrant such extraordinary relief under Rule 60(b)(6). Plaintiff's disagreements with this Court's legal conclusions could have been appealed, but he failed to timely appeal and cannot now use Rule 60(b) as a substitute for appeal. *See Cashner v. Freedom Stores,* 98 F.3d at 572, 577 (10th Cir.1996). (Rule 60(b) "is not intended to be a substitute for a direct appeal."); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (Rule 60(b) motion is "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."). Accordingly, the Court concludes that

4

Plaintiff has failed to demonstrate an exceptional change in circumstance warranting relief from final judgment.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion Under Rule 60(b)(6), ECF No. 93, is **DENIED**.

DATED: January 27, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

5